By the Court, Nelson, Ch. J.
I am of opinion that the ruling of the learned judge at the circuit was correct; or, at least, that it was as favorable to the defendant as the settled principles of law would warrant. The plaintiffs, so far as they were connected with the steps taken for the collection of the note in question, are to be regarded as the defendant’s agents. As such, they were responsible to him for a faithful discharge of their duties and obligations, and are entitled to all the rights and privileges growing out of that relation. Had they collected the money, they might have been made directly liable to the defendant; or, if the debt had been lost by reason of their *563 laches or other misconduct in dealing with the note, they would have been immediately answerable for the default. If, therefore, they have paid the money in question by mistake, and under circumstances which, upon established principles, entitle them to recover it back, the action is properly brought against the defendant. Why bring it against the bank at Troy 1 They were but the agents of the defendant, and a recovery against them would only have the effect of multiplying actions, as they would have an immediate remedy over against the defendant.
The only pretence for insisting that the action should have been brought against the bank at Troy, arises from the doctrine of the case of Allen v. The Merchants’ Bank of the City of New-York, (22 Wend. 215, on error,) which holds that a bank receiving paper for collection at a distant place, is liable, in the absence of any special agreement to the contrary, for the negligence or misconduct of the foreign agent to whom they transmit it for this purpose ; a rule which, when applied to this case, would make the Troy bank responsible for the negligence of the plaintiffs, and, perhaps, of the Commercial Bank of Buffalo. This court decided in the case referred to, (15 Wend. 482,) that the only obligation which the bank incurred was, to forward the paper in due season to a competent agent at the place of payment with directions to take the necessary steps to charge the drawers and endorsers ; and such appears to be the general commercial rule. (The Bank of Washington v. Triplett and Neale, 1 Peters, 50 ; East Haddam Bank v. Scovil, 12 Conn. R. 304 ; Fabens v. The Mercantile Bank, 23 Pick. 330.)
But the doctrine of Allen v. The Merchants’ Bank of the City of New-York, as settled by the court of errors, conceding it to be sound, in no way interferes with the view taken of this case. The distant agent may still be considered as the agent of the holder as well as of the bank transmitting the paper. That case proves only that he has an election as to the remedy and may resort to either party—the agent employed to transmit, or the one to whom the paper is transmitted for collection. *564 It has not been decided that the relation of principal and agent does not exist between the holder and the foreign agent, or that an action could not be sustained by the former directly against the latter for negligence in respect to charging the proper parties.
New trial denied.